**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DANIEL HICKLIN, JR.<br>1213 Patriot Lane<br>Bowie, MD 20716<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERT A. MCDONALD, SECRETARY,<br>U.S. DEPT. OF VETERANS AFFAIRS<br>810 Vermont Ave NW<br>Washington, DC 20420<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, Daniel Hicklin, Jr., by way of his attorney, Morris E. Fischer, Esq., hereby states the following complaint, on information and belief formed after reasonable inquiry under the circumstances, against Defendant:

## PARTIES

1. Plaintiff, Daniel Hicklin, Jr., is an individual citizen and resident of Prince George's County, Maryland.

2. Defendant, Robert A. McDonald, in his official capacity as Secretary for the U.S. Department of Veterans Affairs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 for claims arising under federal law, i.e., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et. seq.

4. At all times relevant to this case, Defendant has been an "employer" as defined by 42 U.S.C. § 2000e(b).

5. Venue is vested in this Court, since the facts giving rise to this case took place in the District of Columbia.

## FACTS

6. Plaintiff was employed by Defendant in the position of Information Technology Specialist, GS-2210-11, in Washington, D.C.

7. Plaintiff's supervisor was Darryl McGraw.

8. On September 18, 2013, Plaintiff reported to an EEO Counselor that he was being harassed by McGraw based on Plaintiff's race and religion.

9. The Office of Resolution Management notified Defendant of Plaintiff's complaint.

10. On November 18, 2013, Defendant proposed Plaintiff's removal based on a charge that Plaintiff had made threats in the workplace.

11. On December 22, 2013, Plaintiff filed a formal complaint with the United States Equal Employment Opportunity Commission alleging that Defendant's proposed removal action was the product of race and religious discrimination.

12. McGraw was contacted by EEO officials regarding Plaintiff's complaint in order to engage in mediation with Plaintiff.

13. McGraw engaged in mediation with Plaintiff, but immediately launched an investigation into Plaintiff's workplace behavior.

14. On April 18, 2014, Defendant removed Plaintiff from Federal service.

## COUNT I
## RETALIATION

15. Plaintiff hereby adopts all aforesaid paragraphs as if fully reproduced herein.

16. Plaintiff was retaliated against by Defendant, in violation of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 2000(e) et seq., when Defendant removed Plaintiff from Federal service.

17. Defendant's removal of Plaintiff from Federal service was executed in retaliation for Plaintiff opposing unlawful employment practices in violation of 42 U.S.C. §2000e-3.

18. Plaintiff engaged in protected activity by filing a formal complaint with the United States Equal Employment Opportunity Commission.

19. Defendant was aware of Plaintiff's protected activity.

20. Defendant's removal of Plaintiff from Federal service caused tangible harm to Plaintiff in that they affected the terms, conditions and privileges of his employment.

21. Plaintiff's protected activity was the cause of Defendant's removal of Plaintiff from Federal service.

22. Other similarly situated employees who did not participate in such complaints were not subject to the same conditions of employment as Plaintiff.

23. A causal connection exists between Defendant's removal of Plaintiff from Federal service and Plaintiff's protected activity.

24. Defendant's removal of Plaintiff from Federal service caused Plaintiff monetary damages.

25. In addition to the above, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, illnesses related to stress, and other damages.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff demands:

- A. Removal from his personnel file any and all other negative information;

- B. Reinstatement of Plaintiff to the position of Information Technology Specialist, GS-2210-11;

- C. Relocation of Plaintiff to another Veterans Affairs facility;

- D. $300,000.00 in compensatory damages;

- E. Attorney fees;

- F. All other relief that the Court deems appropriate.

Respectfully Submitted,

_____/S/_____
Morris E. Fischer, Esq.
1400 Spring Street
Suite 350
Silver Spring, MD 20910
(301) 328-7631 phone
(301) 328-7638 fax
 Attorney for Plaintiff

-6-

## **JURY DEMAND**

Plaintiff herein demands a jury for all issues to be tried in this case.

Respectfully Submitted,

_____/S/_____
Morris E. Fischer, Esq.
1400 Spring Street
Suite 350
Silver Spring, MD 20910
(301) 328-7631 phone
(301) 328-7638 fax
 Attorney for Plaintiff